UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOUHAD ALAME, et al.,

       Plaintiffs,

                                             Case No. 16-cv-12329

v.

                                             HON. MARK A. GOLDSMITH

DE'ANDREA MATTHEWS, et al.,

       Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS COUNT ONE OF THE
AMENDED COMPLAINT (Dkt. 11)**

In this civil rights case, brought under 42 U.S.C. § 1983, Plaintiffs allege that Defendants violated their constitutional rights to procedural due process and equal protection when Plaintiffs were dismissed from a post-baccalaureate program offered through the Wayne State University School of Medicine. Defendants have filed a motion to dismiss count one of the amended complaint, which concerns Plaintiffs' procedural due process claim only (Dkt. 11). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). As discussed below, the Court grants the motion.

**I. BACKGROUND**

Plaintiffs Nouhad Alame and Michael VanHall were students enrolled in a non-degree granting post-baccalaureate program at the Wayne State University School of Medicine during the 2015-2016 academic year. Am. Compl. ¶ 1 (Dkt. 9). This program is intended for first-generation college graduates who are interested in admission to the medical school. Id. ¶ 9; Defs. Br. at 2. Upon the successful completion of the one-year program, the students matriculate

1

directly into the medical school the following academic year. Am. Compl. ¶ 15. Students participating in this program are required to sign a post-baccalaureate program agreement, which informs the students that, if they receive a grade of "D" or lower in any academic course, they will be dismissed from the program. Id. ¶¶ 22, 24. Both Alame and VanHall signed this agreement. Id. ¶ 25.

During the winter 2016 term, Plaintiffs took a course entitled Gross Anatomy. Id. ¶ 28. Alame and VanHall received a 68.9% and 69.95% in the course, respectively. Id. ¶ 31. According to Plaintiffs, these percentage grades equated to "C" grades based on the instructor's syllabus. Id. ¶¶ 30, 31. On March 3, 2016, Defendant De'Andrea Matthews, the director of the program, met with Plaintiffs and informed them that, notwithstanding the instructor's syllabus, they had received "D" grades in the course and were being dismissed from the program. Id. ¶¶ 2, 32. Plaintiffs thereafter sought to appeal their dismissals. Id. ¶ 35.

Plaintiffs first spoke with the course instructor, who indicated that he was not aware that a grade below 70% was considered a "D" grade by Wayne State, and believed that Plaintiffs should not have received a "D" in his course. Id. ¶ 36. Plaintiffs then sought to follow Wayne State's policies for appealing a grade, but claim that they encountered repeated obstacles along the way, which failed to give them "any meaningful opportunity to be heard." Id. ¶ 37. For instance, Plaintiffs attempted to contact Defendant Herbert Smitherman, the medical school's interim vice dean of diversity and inclusion, and Defendant Richard Baker, the vice dean for medical education, but did not receive a response from either. Id. ¶¶ 3, 4, 38. Rather, the matter was referred back to Matthews. Id. ¶ 38.

Plaintiffs claim that Matthews then held a "secret meeting" with other school administrators to discuss Plaintiffs' grades, of which the Plaintiffs had no knowledge. Id. ¶¶ 39,

2

42. After the meeting, Matthews informed Plaintiffs that the matter had been reviewed and that "it was decided that their grades in Gross Anatomy [were] indicative of poor academic performance, irrespective of the letter grade assigned," and that this constituted "just cause for dismissal from the Program." Id. ¶ 43.

Plaintiffs appealed this decision to Defendant Joseph Rankin, associate provost at Wayne State. Id. ¶¶ 5, 44. Rankin responded in a letter dated April 18, 2016, in which he stated that he was upholding Plaintiffs' dismissals from the program and noted that a grade between 60% and 69% is considered a "D" grade under Wayne State's "universal" grading scale. Id. ¶¶ 45-47.[1]

Plaintiffs initiated this action on June 23, 2016, claiming that Defendants conduct violated their constitutional right to procedural due process. See generally id. ¶¶ 58-66. Plaintiffs also claim that Defendants treated them less favorably than similarly situated African-American students in the program based on Plaintiffs' race, which violated Plaintiffs' right to equal protection. See generally id. ¶¶ 67-73. Plaintiffs are seeking monetary damages and either admission to the medical school or reinstatement in the post-baccalaureate program. Id. at 15, ¶¶ A-B (prayer for relief).

## II. STANDARD OF DECISION

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief." Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010). To survive a motion to dismiss, a complaint must plead specific factual allegations, and not just legal conclusions, in support of

---

[1] Plaintiffs also claim that Defendant Kevin Sprague, the associate dean of admissions at the medical school, "was involved in the decision to dismiss Plaintiffs from the Program." Am. Compl. ¶ 6. However, the amended complaint never indicates how Sprague was personally involved or participated in the dismissals. Defendants do not challenge this particular pleading deficiency.

each claim. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). A complaint will be dismissed unless it states a "plausible claim for relief." Id. at 679.

### III. ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person acting under the color of state law deprived the plaintiff of a federal statutory or constitutional right. West v. Atkins, 487 U.S. 42, 48 (1988). However, the doctrine of qualified immunity shields a government official from civil liability, unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015) (per curiam); accord Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam); see also City & Cnty. of San Francisco, Cal. v. Sheehan, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it.").

Although a case directly on point is not required for a constitutional right to be clearly established, the plaintiff must show "either controlling authority or a robust consensus of cases of persuasive authority . . . that could be said to have clearly established the unconstitutionality" of the official's conduct. Plumhoff v. Rickard, 134 S. Ct. 2012, 2023-2024 (2014); Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) ("[E]xisting precedent must have placed the . . . constitutional question beyond debate."); see also Durham v. Nu'Man, 97 F.3d 862, 866 (6th Cir. 1996) ("A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged

4

constitutional violation occurred."). Practically speaking, this prong of qualified immunity provides "government officials breathing room to make reasonable but mistaken judgments about open legal questions" and protects "all but the plainly incompetent or those who knowingly violate the law." al-Kidd, 563 U.S. at 743.

The Supreme Court has also repeatedly admonished courts "not to define clearly established law at a high level of generality." Id. at 742. Rather, a court's inquiry into whether a constitutional right is clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." Mullenix, 136 S. Ct. at 308. In other words, the "dispositive question is whether the violative nature of particular conduct is clearly established." Id. (emphasis in original).

In this case, Plaintiffs claim that they have a "constitutionally protected fundamental right and property interest in continuing their education," Am. Compl. ¶ 59, which was violated when they were dismissed from the program. Defendants, however, contend that they are entitled to qualified immunity because this purported constitutional right is not clearly established. See generally Defs. Br. at 7-9.[2] The Court agrees with Defendants.

Plaintiffs have failed to provide any controlling authority from the Supreme Court, the Sixth Circuit, or the Michigan Supreme Court that clearly establishes a right to continued enrollment in a post-baccalaureate program. Nor have Plaintiffs provided "a robust consensus of cases of persuasive authority in the Courts of Appeals" that "could itself clearly establish the

---

[2] Defendants also argue that their conduct did not violate Plaintiffs' procedural due process rights, assuming such a right was clearly established. See generally Defs. Br. at 9-12. Because the constitutional right at issue in this case was not clearly established, see infra, the Court refrains from addressing this additional argument. Reichle, 132 S. Ct. at 2093 (holding "that courts may grant qualified immunity on the ground that a purported right was not 'clearly established' by prior case law, without resolving the often more difficult question whether the purported right exists at all"); accord Sheehan, 135 S. Ct. at 1778 (when "the qualified immunity analysis is straightforward," a court does not have to decide whether the defendant's alleged conduct violated the Constitution).

federal right." Taylor, 135 S. Ct. at 2044; see also Plumhoff, 134 S. Ct. at 2023-2024. Because there is no existing precedent that has placed the purported constitutional right to continued enrollment in a post-baccalaureate program beyond debate, Defendants are entitled to qualified immunity on count one of the amended complaint. See Varlesi v. Wayne State Univ., 909 F. Supp. 2d 827, 861 (E.D. Mich. 2012) (holding that the constitutional right to continued enrollment at Wayne State University was not "clearly established" as of April 2008); see also Vigil v. Regents of Univ. of Mich., 980 F. Supp. 2d 790, 803 (E.D. Mich. 2013) (illustrating disagreement among Sixth Circuit panels on whether a plaintiff possesses a property right in his or her continued enrollment at a post-secondary institution).

In their response brief, Plaintiffs argue that Bell v. Ohio State University, 351 F.3d 240 (6th Cir. 2003), in which Plaintiffs acknowledge the Sixth Circuit "assumed without deciding that such a right exists," is "the only opinion binding on this court to address the [clearly established] question," Pls. Resp. at 12 (Dkt. 15) (emphasis added). But as Plaintiffs' brief itself recognizes, the Bell court only assumed that such a constitutional right existed for purposes of its analysis, and concluded that the right was not violated. See Bell, 351 F.3d at 249 ("Assuming, however, for the purposes of this summary judgment motion, that Ms. Bell does have such an interest [in her continued education at the medical school], we hold that Ms. Bell has not presented any evidence that the defendants denied her procedural due process in reviewing her failure to comply with the conditions of her reinstatement or in dismissing her because of that failure."). This is a practice the Sixth Circuit has noted is quite common among courts. E.g. McGee v. Schoolcraft Cmty. Coll., 167 F. App'x 429, 437 (6th Cir. 2006) ("Courts have avoided [the issue of whether a student's interest in continued enrollment at a postsecondary institution is protected by procedural due process] where possible by assuming for the sake of argument that

such an interest exists."). The Sixth Circuit's assumption in <u>Bell</u> is far from a definitive answer to the question of whether the right to continued enrollment in a post-baccalaureate program is clearly established such that the issue is beyond debate.

Accordingly, the Court grants the motion.

### IV. CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss count one of the amended complaint (Dkt. 11).

SO ORDERED.

Dated: December 21, 2016      s/Mark A. Goldsmith
Detroit, Michigan     MARK A. GOLDSMITH
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2016.

    s/Karri Sandusky
    Case Manager